1  Zia F. Modabber (CA 137388)
    zia.modabber@kattenlaw.com
2  Tami Kameda Sims (CA 245628)
    tami.sims@kattenlaw.com
3  Rebecca F. Ganz (CA 265199)
    rebecca.ganz@kattenlaw.com
4  **KATTEN MUCHIN ROSENMAN LLP**
5  2029 Century Park East, Suite 2600
   Los Angeles, CA 90067-3012
6  Telephone:   310.788.4400
   Facsimile:    310.788.4471
7
8  Attorneys for Defendant and Counterclaimant
   CLAUDETTE ROBINSON
9

10                **UNITED STATES DISTRICT COURT**

11               **CENTRAL DISTRICT OF CALIFORNIA**

12

| 13 | WILLIAM ROBINSON, JR., an individual | ) | Case No. 14-cv-01701 JAK (FFMx) |
|----|---|---|---|
| 14 | | ) | |
| 15 | Plaintiff, | ) | [Hon. John A. Kronstadt] |
| 16 | vs. | ) | **ANSWER TO COMPLAINT BY DEFENDANT AND COUNTERCLAIMANT CLAUDETTE ROBINSON** |
| 17 | | ) | |
| 18 | CLAUDETTE ROGERS ROBINSON, an individual, | ) | |
| 19 | | ) | **DEMAND FOR JURY TRIAL** |
| 20 | Defendant. | ) | |
| 21 | | ) | [*Counterclaims filed concurrently in paper format*] |
| 22 | | ) | |
| 23 | | ) | |

24
25
26
27
28

Defendant and Counterclaimant Claudette Robinson ("Defendant") hereby responds to the Complaint filed by Plaintiff and Counterdefendant William Robinson, Jr. ("Plaintiff") as follows:

<u>**SUMMARY OF ACTION**</u>

1.      In responding to paragraph 1, Defendant admits that she is Plaintiff's ex-wife.  Further, on information and belief, Defendant admits that Plaintiff asserts a civil claim for declaratory relief against Defendant, arising out of ownership of certain copyrights to musical compositions (the "Community Musical Compositions").  Except as to those facts expressly admitted in this paragraph, Defendant denies the remainder of the allegations.

2.      In responding to paragraph 2, Defendant admits that Plaintiff wrote the Community Musical Compositions during the parties' marriage.  Defendant further admits that the parties' marriage ended in 1986.  Except as to those facts expressly admitted in this paragraph, Defendant lacks information and belief sufficient to enable her to answer the allegations of this paragraph and, on this basis, denies the allegations.

3.      In responding to paragraph 3, Defendant lacks information and belief sufficient to enable her to answer the allegations of this paragraph concerning whether, and when, Plaintiff has issued termination notices and, on this basis, denies the allegations.  In responding to paragraph 3, Defendant asserts that the allegations in this paragraph concerning Plaintiff's purported termination rights are legal conclusions to which no response is required.

4.      In responding to paragraph 4, Defendant admits that she claims a 50% interest in any of the Community Musical Compositions that Plaintiff has recaptured and may recapture upon termination of the assignment to the music publisher.  In responding to paragraph 4, Defendant asserts that the allegations in this paragraph concerning Plaintiff's purported termination rights are legal conclusions to which no

///

**Katten**

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

response is required.  Except as to those facts expressly admitted in this paragraph, Defendant denies the remainder of the allegations.

5.    In responding to paragraph 5, on information and belief, Defendant admits that Plaintiff purports to seek a judicial declaration regarding his ownership of all copyrights, interests therein, and income therefrom arising from his termination and recapture of his copyright assignments.  In responding to paragraph 5, Defendant asserts that the allegations in this paragraph concerning Plaintiff's purported termination rights are legal conclusions to which no response is required.

## PARTIES

6.    In responding to paragraph 6, Defendant admits that Plaintiff is an individual residing in the City and County of Los Angeles, California.

7.    In responding to paragraph 7, Defendant admits that she is an individual residing in the County of Los Angeles and City of Beverly Hills, California.

## JURISDICTION AND VENUE

8.    In responding to paragraph 8, Defendant admits that this Court has jurisdiction over the subject matter of this action and that venue is proper in this Court.

## FACTUAL BACKGROUND

9.    In responding to paragraph 9, Defendant admits that Plaintiff is a living recording artist and songwriter.

10.    In responding to paragraph 10, Defendant lacks information and belief sufficient to enable her to answer the allegations of this paragraph and, on this basis, denies the allegations.

11.    In responding to paragraph 11, Defendant admits that she married Plaintiff on November 7, 1959 and that she lived in Detroit and had two children with Plaintiff.  Defendant admits that in 1972, she moved to Los Angeles with Plaintiff.

12.    In responding to paragraph 12, Defendant admits on information and belief that Plaintiff and Defendant separated on or about May 30, 1985 and divorced

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

in California in 1986.  Defendant admits that pursuant to the divorce judgment, all copyrights, contract, and royalty rights to the musical compositions created between November 7, 1959 and May 30, 1985, the Community Musical Compositions, were divided between Plaintiff and Defendant as tenants-in-common, and that Defendant received a monthly spousal support payment, and real and personal property.  Except as to those facts expressly admitted in this paragraph, Defendant denies the remainder of the allegations.

13.   In responding to paragraph 13, Defendant admits that she did not write any part of the musical compositions at issue.  With respect to the allegations in this paragraph concerning the legal basis for her receipt of interests in musical compositions, such allegations are legal conclusions to which no response is required. Except as to those facts expressly admitted in this paragraph, Defendant denies the remainder of the allegations.

14.   In responding to paragraph 14, on information and belief, Defendant admits that Plaintiff was remarried to Frances, and that they currently reside in Los Angeles.  Except as to those facts expressly admitted in this paragraph, Defendant lacks information and belief sufficient to enable her to answer and, on this basis, denies the allegations.

15.   In responding to paragraph 15, Defendant admits, on information and belief, that Plaintiff is issuing termination notices, and that he may be attempting to re-assign the copyrights.  Except as to those facts expressly admitted in this paragraph, Defendant lacks information and belief sufficient to enable her to answer and, on this basis, denies the allegations.

16.   In responding to paragraph 16, Defendant admits that a letter was written on her behalf to SESAC, and that Exhibit A to the Complaint is a true copy of that letter.  Except as to those facts expressly admitted in this paragraph, Defendant denies the remainder of the allegations.

///

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

17.     In responding to paragraph 17, Defendant admits that her counsel sent the email that is attached to the Complaint as Exhibit B.   Except as to those facts expressly admitted in this paragraph, Defendant denies the remainder of the allegations.

18.     In responding to paragraph 18, Defendant denies the factual allegations in this paragraph, to the extent any exist.

## CAUSE OF ACTION

## FOR DECLARATORY RELIEF [28 U.S.C. §§ 2201-2202]

19.     In responding to paragraph 19, Defendant incorporates herein by reference the admissions, allegations and denials of paragraphs 1 through 18, inclusive, of this Answer.

20.     In responding to paragraph 20, Defendant admits that there is a dispute between the parties as to their respective rights in the Community Musical Compositions.   Except as to those facts expressly admitted in this paragraph, Defendant denies the remainder of the allegations.

21.     In responding to paragraph 21, Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required.   To the extent any factual allegations are included therein, Defendant denies such allegations.

22.     In responding to paragraph 22, Defendant asserts that no factual allegations are contained in this paragraph.

23.     In responding to paragraph 23, Defendant asserts that no factual allegations are contained in this paragraph.

24.     In responding to paragraph 24, Defendant asserts that no factual allegations are contained in this paragraph.

25.     In responding to paragraph 25, Defendant asserts that no factual allegations are contained in this paragraph.

///

///

ANSWER
14-cv-01701 JAK (FFMx)

26.     In responding to paragraph 26, Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required.  To the extent any factual allegations are included therein, Defendant denies such allegations.

27.     In responding to paragraph 27, Defendant asserts that no factual allegations are contained in this paragraph.

28.     In responding to paragraph 28, Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required.  To the extent any factual allegations are included therein, Defendant denies such allegations.

29.     In responding to paragraph 29, Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required.  To the extent any factual allegations are included therein, Defendant denies such allegations.

30.     In responding to paragraph 30, Defendant asserts that the allegations in this paragraph are legal conclusions to which no response is required.  To the extent any factual allegations are included therein, Defendant denies such allegations.

31.     In responding to paragraph 31, Defendant admits that there is a dispute between the parties as to their respective rights in the Community Musical Compositions.  Defendant lacks sufficient information or belief to admit or deny whether Plaintiff will be or is now unable to effectively negotiate the sale of his currently-vested termination rights and/or prospectively "recaptured" copyrights and on that basis denies such allegations.  The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

## **FIRST AFFIRMATIVE DEFENSE**

### (Failure to State a Claim)

1.     As a first and separate affirmative defense, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against her.

///

///

///

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.     As a second and separate affirmative defense, Defendant alleges that Plaintiff, by reason of his own conduct and actions, has waived any rights he may have against Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.     As a third and separate affirmative defense, Defendant alleges that Plaintiff's recovery is limited or barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.     As a fourth and separate affirmative defense, Defendant alleges that Plaintiff's claim is limited or barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Copyright Assignment)

5.     As a fifth and separate affirmative defense, Defendant alleges that pursuant to the Copyright Act, Plaintiff assigned Defendant a one-half interest in the Community Musical Compositions and no termination right is available under the Copyright Act with respect to that assignment.

## SIXTH AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction)

6.     As a sixth and separate affirmative defense, Defendant alleges that the Copyright Act does not preempt the state law rights that Defendant obtained in the Community Musical Compositions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Violation of Due Process)

7.     As a seventh and separate affirmative defense, Defendant alleges that the Community Musical Compositions created before 1978 were subject to common law

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

copyright and that any community property interests therein could not be taken away without due process.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.     As an eighth and separate affirmative defense, Defendant alleges that Plaintiff, by reason of his own conduct and actions, is barred from recovery by the doctrine of laches.

## ADDITIONAL POTENTIAL AFFIRMATIVE DEFENSES

Defendant reserves the right to amend this Answer and/or allege additional affirmative defenses after conducting further discovery, investigation and research.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1.     That Plaintiff takes nothing by way of the Complaint;

2.     that judgment be entered for Defendant;

3.     that Defendant be awarded her costs of suit; and

4.     any other relief the Court deems appropriate.

Dated:  May 2, 2014                     KATTEN MUCHIN ROSENMAN LLP
                                         Zia F. Modabber
                                         Tami Kameda Sims
                                         Rebecca F. Ganz

                                        By:   /s/ Zia F. Modabber
                                               Zia F. Modabber
                                        Attorneys for Defendant and Counterclaimant
                                        CLAUDETTE ROBINSON

## DEMAND FOR JURY TRIAL

Defendant and Counterclaimant Claudette Robinson respectfully demands a trial by jury on any and all causes of action, claims for relief, and issues that are so triable.

Dated:  May 2, 2014                  KATTEN MUCHIN ROSENMAN LLP
                                      Zia F. Modabber
                                      Tami Kameda Sims
                                      Rebecca F. Ganz

                                      By:  /s/ Zia F. Modabber
                                            Zia F. Modabber
                                      Attorneys for Defendant and Counterclaimant
                                      CLAUDETTE ROBINSON