Zia F. Modabber (CA 137388)
  zia.modabber@kattenlaw.com
Tami Kameda Sims (CA 245628)
  tami.sims@kattenlaw.com
Rebecca F. Ganz (CA 265199)
  rebecca.ganz@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:   310.788.4471

Attorneys for Defendant and Counterclaimant
CLAUDETTE ROBINSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBINSON, JR., an individual<br><br>Plaintiff,<br><br>vs.<br><br>CLAUDETTE ROGERS ROBINSON, an individual,<br><br>Defendant.<br><br>―――――――――――――<br><br>CLAUDETTE ROBINSON, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>WILLIAM ROBINSON, JR., an individual,<br><br>Counterdefendant. | Case No. 14-cv-01701 JAK (FFMx)<br><br>[Hon. John A. Kronstadt]<br><br>**COUNTERCLAIMS BY DEFENDANT AND COUNTERCLAIMANT CLAUDETTE ROBINSON FOR:**<br><br>1. **DECLARATORY RELIEF**<br>2. **BREACH OF FIDUCIARY DUTY**<br>3. **CONSTRUCTIVE FRAUD**<br>4. **NEGLIGENT MISREPRESENTATION**<br>5. **BREACH OF THE IMPLIED COVENANT**<br>6. **ANTICIPATORY BREACH**<br>7. **PROMISSORY ESTOPPEL**<br><br>**DEMAND FOR A JURY TRIAL** |

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Claudette Robinson ("Ms. Robinson") brings Counterclaims against Plaintiff and Counterdefendant William Robinson, Jr., pka "Smokey" Robinson ("Mr. Robinson"), as follows:

## SUMMARY OF ACTION

1. Ms. Robinson seeks to protect the valuable rights and assets she earned through her contributions to the parties' 27-year marriage, which were confirmed to her through a stipulated state court judgment. If Mr. Robinson has his way, he will unilaterally take from Ms. Robinson these valuable rights through a thoroughly misguided application of the Copyright Act. Indeed, Mr. Robinson asks the Court to apply the Copyright Act in an unprecedented and impermissibly overbroad manner to eviscerate important state interests that do no harm to, and do not conflict with, the Copyright Act's provisions, purpose, or intent.

2. The parties entered into a stipulated divorce judgment in 1989 (the "Stipulated Judgment"), whereby Mr. Robinson agreed that the parties would own as tenants in common all rights arising from musical compositions created during their marriage (the "Community Musical Compositions"). Here, Mr. Robinson erroneously invokes the Copyright Act in a gambit to nullify the Stipulated Judgment, and keep for himself all rights to the very Community Musical Compositions he granted to Ms. Robinson in the Stipulated Judgment. Specifically, on information and belief, Mr. Robinson intends to terminate certain copyright assignments in the Community Musical Compositions that he made decades ago *to third parties*, which termination will result in additional royalties over and above those he and Ms. Robinson currently receive and share. But in doing so, Mr. Robinson takes the position that when these additional royalties are paid, he can keep them all for himself. He makes this claim even though, pursuant to the Stipulated Judgment, he is Ms. Robinson's fiduciary with respect to, and is obligated to safeguard her interests in, the Community Musical Compositions.

3. Congress enacted the Copyright Act's termination provisions to protect authors, who through a lack of equal bargaining power, sold their copyrights before knowing their value. To effectuate this goal, Congress enabled authors to reclaim their works after a specified period, and take them to the market for a second time – only this time when their works could be fairly valued through arm's length negotiations where the authors could participate on a level playing field. Congress did not intend for or authorize the exercise of termination rights by authors against third parties to result in a windfall taking of copyright and state law interests from their former spouses.

4. Respecting the Stipulated Judgment in no way undermines Congress's intent in this regard. Mr. Robinson granted and/or assigned his copyrights to third parties decades ago, and Ms. Robinson acknowledges that he is unilaterally free to terminate those grants and assignments, and take them to the market on a level playing field. In doing so Mr. Robinson will obtain the full benefit of what Congress intended to give him. But he must still honor his separate obligation to continue to act as Ms. Robinson's fiduciary and honor her interests in the Community Musical Compositions, including paying her the 50% undivided interest she is entitled to on the additional royalties received.

5. By this action, Ms. Robinson asks the Court to *inter alia*: (1) enter a declaratory judgment that she owns an undivided one-half interest in the Community Musical Compositions; and (2) award compensatory damages.

## PARTIES

6. Ms. Robinson is an individual who resides in Beverly Hills, California in Los Angeles County.

7. On information and belief, Mr. Robinson is an individual who resides in the City and County of Los Angeles, California.

///
///

## JURISDICTION AND VENUE

8. Federal jurisdiction in this matter arises under 28 U.S.C. §§ 1331, 1367(a), 1338 and Rule 13 of the Federal Rules of Civil Procedure. Specifically, the first cause of action for Declaratory Relief is a civil action relating to copyrights and arises under federal law. Further, this Court has supplemental jurisdiction over the state law counterclaims because they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue in this matter in the Central District of California is appropriate under 28 U.S.C. §1391(b)(1), (b)(2), and (c)(1) because, on information and belief, Mr. Robinson resides, is domiciled, and took adverse action in this judicial district.

## FACTUAL BACKGROUND

10. Ms. Robinson and Mr. Robinson are original members of The Miracles, the first successful musical group for Motown Record Corporation. As the first female artist ever signed to a Motown label, Ms. Robinson was given the title of "First Lady of Motown" by Motown founder, Berry Gordy.

11. Mr. Robinson, known by his fans as "Smokey" Robinson, is also a very successful solo recording artist and songwriter.

12. The Miracles were inducted into the Rock and Roll Hall of Fame as a group, and Mr. Robinson was also inducted as a solo artist.

13. Ms. Robinson and Mr. Robinson sang and worked together as members of the Miracles beginning in or around 1957. They were married on November 7, 1959 and had two children. In or around 1964, Ms. Robinson stopped touring with the group in order to be able to care for the couple's children at home. In or around 1972, Mr. Robinson left the group and the couple moved to Los Angeles, California.

14. During the course of their 27-year marriage, Mr. Robinson wrote numerous musical compositions, including compositions performed by the Miracles. Ms. Robinson devoted her time and efforts to raising the couple's two children.

15. On or about May 30, 1985, the couple separated, and divorced in California in 1986. Ms. Robinson and Mr. Robinson freely and voluntarily entered into and signed the Stipulated Judgment in November 1989. Through the Stipulated Judgment, the parties identified their separate and community property, and agreed to an appropriate division of their community property.

16. The parties specifically identified the Community Musical Compositions, which are made up of 483 musical compositions created by Mr. Robinson during the marriage, between November 7, 1959 and May 30, 1985. Pursuant to the Stipulated Judgment, Ms. Robinson and Mr. Robinson each took title to "[a] one-half interest as tenants in common in [all] copyrights, contract rights and/or royalty rights with respect to [the Community Musical Compositions]." Thus, through the Stipulated Judgment, the parties deemed all rights in the Community Musical Compositions to be jointly owned by Ms. Robinson and Mr. Robinson as tenants in common. The Stipulated Judgment was duly recorded with the United States Copyright Office.

17. Pursuant to the Stipulated Judgment, Mr. Robinson was given "the sole, absolute and exclusive right" to reasonably administer and exploit the Community Musical Compositions. He expressly promised that in doing so, he would "not act in an unreasonable manner in the exercise of his sole discretion." He also promised that he would "not maliciously or willfully take any action with a view of damaging [Ms. Robinson] or her interest in [the Community Musical Compositions]." Further, Mr. Robinson expressly promised that he would "act reasonably and in good faith and as a fiduciary" to Ms. Robinson with respect to the Community Musical Compositions.

18. In August 9, 1996, the parties entered into another stipulation, this time for, among other things, the payment of royalties flowing from the Community Musical Compositions that Mr. Robinson had failed to pay Ms. Robinson. That stipulation re-iterated that Ms. Robinson was to continue to receive one-half of all rights, including royalties, arising from the Community Musical Compositions. That stipulation was also in writing and signed by both parties.

19. In or around December 2013, Ms. Robinson learned that Mr. Robinson was attempting to terminate grant agreements he had entered into with third parties, as was his exclusive right. These earlier grants permitted third parties to exploit for profit the Community Musical Compositions, and by terminating those grants additional publishing income would be available to the Robinsons. Thereafter, Ms. Robinson sought assurance from Mr. Robinson that he would continue to honor and abide by his fiduciary duties and honor her tenant in common interest in the Community Musical Compositions with respect to this new publishing income. In response, Mr. Robinson commenced this action in an effort to exclude Ms. Robinson from the full benefit of her 50% share of the Community Musical Compositions, specifically including the new publishing income.

20. By and through his Complaint, Mr. Robinson contends that by exercising his termination and recapture rights relating to third party assignments of his copyrights, he can eliminate Ms. Robinson's rights and become the sole owner of the Community Musical Compositions retrieved from such third parties. According to Mr. Robinson, he began to issue notices of termination of copyrights pursuant to section 304 of the 1976 Copyright Act in or around 2012. A judicial declaration is necessary and appropriate to protect Ms. Robinson's interests.

## FIRST CLAIM FOR RELIEF
## FOR DECLARATORY RELIEF [28 U.S.C. §§ 2201-2202]

21. Ms. Robinson realleges and incorporates herein by reference the preceding paragraphs.

22. In California, community property laws are based on the longstanding (well more than a century-old) firmly established premise that "the marriage, in respect to property acquired during its existence, is a community of which each spouse is a member, equally contributing by his or her industry to its prosperity, and possessing *an equal right to succeed to the property after dissolution.*" *Meyer v. Kinzer*, 12 Cal. 247, 251 (1859) (emphasis added).

23. On the rare occasion when state family law has come into conflict with a federal statute, courts will not find federal preemption of state family and family-property laws unless major damage is done to clear and substantial federal interests. Thus, the Copyright Act does not broadly eliminate important state laws. Instead, important state laws, like community property laws, survive preemption unless there is a direct and irreconcilable conflict between a state law right and an exclusive right granted under the Copyright Act.

24. Given Mr. Robinson's actions and his refusal to acknowledge Ms. Robinson's rights in the Community Musical Compositions, there is currently an actual and justiciable controversy between the parties. Mr. Robinson erroneously contends that he is permitted to disavow his obligations to continue to share with Ms. Robinson all income derived from the exploitation of the Community Musical Compositions. Ms. Robinson contends the contrary.

25. In the absence of a judicial declaration, Mr. Robinson will not honor his duty to provide Ms. Robinson the benefit of her undivided one-half interest in the Community Musical Composition copyrights, including all income derived therefrom. For these reasons, Ms. Robinson seeks a declaratory judgment of the parties' respective rights.

## SECOND CLAIM FOR RELIEF
## FOR BREACH OF FIDUCIARY DUTY

26. Ms. Robinson realleges and incorporates herein by reference the preceding paragraphs.

27. Pursuant to the Stipulated Judgment, Mr. Robinson expressly promised that he would act as a fiduciary to Ms. Robinson with respect to the Community Musical Compositions.

28. In his Complaint, Mr. Robinson claims copyright termination and recapture rights were bestowed upon him as an "author" under the 1976 Copyright Act. He asserts that he has the exclusive right, but not the obligation, to terminate

assignments of the copyrights in the Community Musical Compositions after a certain number of years. He further contends that once such termination and recapture rights are effectuated, that any and all rights in the Community Musical Compositions revert to him alone as sole owner.

29. If Mr. Robinson's asserted rights and allegations are true, Mr. Robinson chose to exercise a non-obligatory right under the Copyright Act, which he knew would result in Ms. Robinson being divested of all of her rights in the Community Musical Compositions.

30. Ms. Robinson placed her utmost trust and confidence in Mr. Robinson to exclusively manage the Community Musical Compositions. As her fiduciary, Mr. Robinson was entrusted with safekeeping Ms. Robinson's rights, and was not permitted to take any action that would divest Ms. Robinson of any interest in the Community Musical Compositions. Instead, Mr. Robinson was to act at all times for Ms. Robinson's benefit, and owed her a duty of loyalty that included equally sharing all money derived from exploitation of the Community Musical Compositions. By willfully taking steps to usurp Ms. Robinson's valuable rights in the Community Musical Compositions, Mr. Robinson has breached his fiduciary duty to Ms. Robinson.

31. As a direct and proximate result of Mr. Robinson's conduct, Ms. Robinson has suffered damages, including without limitation compensatory damages in the amount of any income Mr. Robinson will receive in any way related to the Community Musical Compositions at any time, in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### CONSTRUCTIVE FRAUD

32. Ms. Robinson realleges and incorporates herein by reference the preceding paragraphs.

///

///

33. Pursuant to the Stipulated Judgment, Mr. Robinson expressly promised that he would act as a fiduciary to Ms. Robinson with respect to the Community Musical Compositions.

34. In his Complaint, Mr. Robinson claims copyright termination and recapture rights were bestowed upon him as an "author" under the 1976 Copyright Act. Pursuant to the Stipulated Judgment, which was executed over a decade later by the parties in 1989, Mr. Robinson warranted that he did not own anything of any kind that was not identified in the Stipulated Judgment. However, he did not disclose or identify any termination rights, recapture rights, or rights to sole ownership in any of the Community Musical Compositions, and certainly did not identify any such rights as his separate property. Ms. Robinson justifiably relied on Mr. Robinson's representation that he had fully disclosed all of his property.

35. If Mr. Robinson's asserted rights are true, Mr. Robinson gained an unfair advantage over Ms. Robinson by his concealment of the full scope of his termination rights, recapture rights, and/or rights to sole ownership of the Community Musical Compositions.

36. Ms. Robinson justifiably relied on Mr. Robinson's warrant of full disclosure. After all, he was her husband and companion for 27 years and he had promised to act as her fiduciary. Ms. Robinson was prejudiced as a direct and proximate result of Mr. Robinson's concealment because she could have obtained additional distribution of community property to account for Mr. Robinson's assertion of his termination rights, recapture rights, and/or rights to sole ownership in the Community Musical Compositions. However, because of Mr. Robinson's concealment she did not do so, to her detriment.

37. As a direct and proximate result of Mr. Robinson's conduct, Ms. Robinson has suffered damages, including without limitation compensatory damages in the amount of any income Mr. Robinson will receive in any way related to the Community Musical Compositions at any time, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT MISREPRESENTATION

38. Ms. Robinson realleges and incorporates herein by reference the preceding paragraphs.

39. Ms. Robinson and Mr. Robinson entered into a Stipulated Judgment, which is regarded under the law as a contract between the parties.

40. Pursuant to the Stipulated Judgment, which was executed by the parties in 1989, Mr. Robinson warranted that he did not own any property of any kind that was not identified in the Stipulated Judgment.

41. In his Complaint, Mr. Robinson claims copyright termination and recapture rights were bestowed upon him as an "author" under the 1976 Copyright Act. He claims that he could not have agreed and did not agree to transfer any termination and recapture rights during his marriage or upon its dissolution. Yet, Mr. Robinson failed to disclose that he purported to own any such rights, contingent or otherwise. Indeed, nowhere in the Stipulated Judgment, did Mr. Robinson disclose or identify any termination right, recapture right, or right to sole and separate ownership of any of the Community Musical Compositions pursuant to sections 203 or 304 of the 1976 Copyright Act.

42. On information and belief, Mr. Robinson's warranty of full disclosure of all of his property interests was made without any reasonable ground for believing it to be true, as his termination rights are contingent property rights that he claims he owned or acquired during the marriage.

43. On information and belief, Mr. Robinson made his warranty of full disclosure with the intent to induce Ms. Robinson to act in reliance on his representation.

44. Ms. Robinson justifiably relied on Mr. Robinson's warrant of full disclosure. He was her husband and companion for 27 years and he had promised to act as her fiduciary. Ms. Robinson suffered damages as a direct and proximate result

of Mr. Robinson's conduct because she could have obtained additional distribution of community property to account for Mr. Robinson's purported termination rights, recapture rights, and/or rights to sole ownership in the Community Musical Compositions. However, because of Mr. Robinson's misrepresentation she did not do so, to her detriment.

45. As a direct and proximate result of Mr. Robinson's conduct, Ms. Robinson has suffered damages, including without limitation compensatory damages in the amount of any income Mr. Robinson will receive in any way related to the Community Musical Compositions at any time, in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH & FAIR DEALING

46. Ms. Robinson realleges and incorporates herein by reference the preceding paragraphs.

47. Ms. Robinson and Mr. Robinson entered into a Stipulated Judgment, which is regarded under the law as a contract between the parties.

48. Under California law, every contract contains an implied covenant of good faith and fair dealing that neither contracting party will act to deprive the other party of the benefits of the contract.

49. Pursuant to the Stipulated Judgment, Mr. Robinson was given "the sole, absolute and exclusive right" to reasonably administer and exploit the Community Musical Compositions. He expressly promised that he would exercise this right reasonably, and would "not maliciously or willfully take any action with a view of damaging [Ms. Robinson] or her interest in [the Community Musical Compositions]." He further promised that he would, at all times, act "in good faith and as a fiduciary" to Ms. Robinson with respect to the Community Musical Compositions.

50. In his Complaint, Mr. Robinson claims copyright termination and recapture rights were bestowed upon him as an "author" under the 1976 Copyright

Act. He asserts that he has the exclusive right, but not the obligation, to terminate assignments of the copyrights in the Community Musical Compositions after a certain number of years. He further contends that once such termination and recapture rights are effectuated, that any and all rights in the Community Musical Compositions revert to him alone as sole owner.

51. If Mr. Robinson's asserted rights and allegations are true, Mr. Robinson chose to exercise a non-obligatory right under the Copyright Act, which he knew would result in Ms. Robinson being divested of all of her rights in the Community Musical Compositions, including property rights, contract rights, and rights to income.

52. By doing so, Mr. Robinson utilized his discretionary right to administer and exploit the Community Musical Compositions under the Stipulated Judgment in a manner that deprived Ms. Robinson of her entire one-half interest in all rights arising from the Community Musical Compositions. Mr. Robinson's actions were unreasonable, were in bad faith, and breached the implied covenant of good faith and fair dealing.

53. As a direct and proximate result of Mr. Robinson's conduct, Ms. Robinson has suffered damages, including without limitation compensatory damages in the amount of any income Mr. Robinson will receive in any way related to the Community Musical Compositions at any time, in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
## ANTICIPATORY BREACH

54. Ms. Robinson realleges and incorporates herein by reference the preceding paragraphs.

55. Ms. Robinson and Mr. Robinson entered into a Stipulated Judgment, which is regarded under the law as a contract between the parties.

56. By his acts and statements, Mr. Robinson has indicated that he will not substantially perform his contractual duties pursuant to the Stipulated Judgment. Ms. Robinson is ready and willing to perform all of her obligations under the

Stipulated Judgment including consenting to new assignments and grants of the Community Musical Compositions and/or executing any and all instruments reasonably necessary to carry out the provisions of the Stipulated Judgment so that she receives her one-half interest under any new assignments or grants.

57. As a direct and proximate result of Mr. Robinson's conduct, Ms. Robinson has suffered damages, including without limitation compensatory damages in the amount of any income Mr. Robinson will receive in any way related to the Community Musical Compositions at any time, in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
## PROMISSORY ESTOPPEL

58. Ms. Robinson realleges and incorporates herein by reference the preceding paragraphs.

59. In the alternative, Mr. Robinson made a clear and unambiguous promise to Ms. Robinson that they would each receive a one-half interest as tenants in common in all copyrights, contract rights and/or royalty rights with respect to the Community Musical Compositions.

60. Ms. Robinson actually relied on Mr. Robinson's promises in entering the Stipulated Judgment. Her reliance was reasonable and foreseeable. Mr. Robinson was her husband and companion for 27 years and he had promised to act as her fiduciary.

61. Ms. Robinson was injured as a direct and proximate result of her reliance on Mr. Robinson's promises, because she could have obtained additional distribution of community property to account for Mr. Robinson's purported termination rights, recapture rights, and/or rights to sole ownership in the Community Musical Compositions. However, because of Mr. Robinson's promises she did not do so, to her detriment.

62. As a direct and proximate result of Mr. Robinson's conduct, Ms. Robinson has suffered damages, including without limitation compensatory damages

in the amount of any income Mr. Robinson will receive in any way related to the Community Musical Compositions at any time, in an amount to be proven at trial.

63. Injustice can be avoided only by enforcement of Mr. Robinson's promise to share as tenants in common with Ms. Robinson all copyrights, contract rights and/or royalty rights with respect to the Community Musical Compositions. Otherwise, Mr. Robinson will be unjustly enriched, and Ms. Robinson will be unconscionably injured, by the unequal reallocation of community property after decades of reliance upon the agreed-upon division set forth in the Stipulated Judgment.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Robinson prays for judgment as follows:

**On the First Claim For Relief:**

1. That this Court declare that Ms. Robinson owns an undivided one half-interest in the copyrights concerning the Community Musical Compositions;

2. That this Court declare that Ms. Robinson owns an undivided one half-interest in all contractual rights in the Community Musical Compositions; and

3. That this Court declare that Ms. Robinson owns an undivided one half-interest in all economic benefits flowing from the exploitation at any time of the Community Musical Compositions including any income and royalties.

**On the Second Claim For Relief:**

For compensatory damages in a sum according to proof at trial.

**On the Third Claim For Relief:**

1. For compensatory damages in a sum according to proof at trial; and

2. For punitive damages in a sum according to proof at trial.

**On the Fourth Claim For Relief:**

For compensatory damages in a sum according to proof at trial.

**On the Fifth Claim For Relief:**

For compensatory damages in a sum according to proof at trial.

**On the Sixth Claim For Relief:**

1. For compensatory damages in a sum according to proof at trial; and

2. For attorneys' fees and costs incurred as a result of Mr. Robinson's failure to carry out his obligations under the Stipulated Judgment.

**On the Seventh Claim For Relief:**

1. For compensatory damages in a sum according to proof at trial; and

2. Enforcement of the promise to provide Ms. Robinson a one-half interest in all copyrights, contract rights and/or royalty rights with respect to the Community Musical Compositions;

**On all Claims For Relief:**

1. For the recovery of Ms. Robinson's costs of suit;

2. For such other and further relief as the Court deems just and proper.

Dated: May 2, 2014

KATTEN MUCHIN ROSENMAN LLP
Zia F. Modabber
Tami Kameda Sims
Rebecca F. Ganz

By: *Zia F. Modabber* TKS
Zia F. Modabber
Attorneys for Defendant and Counterclaimant
CLAUDETTE ROBINSON

# DEMAND FOR A JURY TRIAL

Defendant and Counterclaimant Claudette Robinson respectfully demands a trial by jury on any and all causes of action, claims for relief, and issues that are so triable.

Dated: May 2, 2014

KATTEN MUCHIN ROSENMAN LLP
Zia F. Modabber
Tami Kameda Sims
Rebecca F. Ganz

By: /s/ Zia F. Modabber
Zia F. Modabber
Attorneys for Defendant and Counterclaimant
CLAUDETTE ROBINSON

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman, LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012.

On this date, May 2, 2014, I served the foregoing documents described as: **COUNTERCLAIMS BY DEFENDANT AND COUNTERCLAIMANT CLAUDETTE ROBINSON.** Said documents were served on the interested party or parties in this action by placing true copies thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| John E. Mason, Esq. <br> Scott N. Weston, Esq. <br> Jonathan B. Altschul, Esq. <br> Patrick J. Hagan, Esq. <br> FOX ROTHSCHILD LLP <br> 1800 Century Park East, 3rd Floor <br> Los Angeles, CA 90067-3005 <br> jmason@foxrothschild.com <br> sweston@foxrothschild.com <br> jaltschul@foxrothschild.com <br> phagan@foxrothschild.com <br> Tel. 310.598.4150/Fax 310.556.9828 | Neal S. Cohen, Esq. <br> FOX ROTHSCHILD LLP <br> 1225 17th Street <br> Suite 220 <br> Denver, Colorado 80202 <br> ncohen@foxrothschild.com <br> Tel. 303.292.1200/Fax 303.292.1300 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

| | |
|---|---|
| X | **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth above |
| | **BY ELECTRONIC MAIL:** By agreement of counsel, the document was served electronically and the transmission was reported as complete and without error. |
| | **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above address(es). |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on May 2, 2014, at Los Angeles, California.

*Paula Phillips*
Paula Phillips

*Robinson v. Robinson*                                                                 Case No. 14-cv-01701