John E. Mason, Jr. (SBN 51116)
Scott N. Weston (SBN 130357)
Jonathan B. Altschul (SBN 234244)
Patrick J. Hagan (SBN 266237)
**FOX ROTHSCHILD LLP**
1800 Century Park East, 3rd Floor
Los Angeles, California 90067-3005
Tel 310.598.4150 / Fax 310.556.9828
jmason@foxrothschild.com
sweston@foxrothschild.com
jaltschul@foxrothschild.com
phagan@foxrothschild.com

Neal S. Cohen (*admitted pro hac vice*)
**FOX ROTHSCHILD LLP**
1225 17th St., Suite 2200
Denver, Colorado 80202
Tel 303.292.1200 / Fax 303.292.1300
ncohen@foxrothschild.com

Attorneys for Plaintiff
WILLIAM ROBINSON, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBINSON, JR., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CLAUDETTE ROGERS ROBINSON, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 2:14-cv-01701-JAK-FFM<br><br>**JOINT RULE 16(b) REPORT** |

Plaintiff William Robinson, Jr. ("Plaintiff") and Defendant Claudette Robinson ("Defendant")[1] hereby submit the following Joint Rule 16(b) Report.

### a. Statement of the case

<u>Plaintiff</u>: This is a civil action for declaratory relief arising from adverse and erroneous claims by Defendant, who is Plaintiff's ex-wife, of ownership in certain copyrights to musical compositions prospectively belonging to Plaintiff alone pursuant to the 1976 Copyright Act, specifically 17 U.S.C. sections 304 and 203.

Plaintiff wrote each musical composition at issue during his marriage to Defendant. Defendant did not write any part of those compositions. As each composition was completed, Plaintiff immediately assigned the original copyright in it to a music publisher. The marriage ended in divorce in 1986. As part of the Stipulated Judgment in the divorce case, Defendant received an undivided half-interest in the copyrights covering the compositions.

Pursuant to the 1976 Copyright Act ("the 1976 Act"), specifically 17 U.S.C. sections 304 and 203, Plaintiff, as the sole author of the compositions is granted the exclusive right, but not the obligation, to terminate his assignments of the copyrights after a certain number of years. The time when Plaintiff can begin terminating assignments has arrived and he has begun to take steps to terminate certain copyrights. Plaintiff seeks a judgment declaring that the termination rights and all copyrights recaptured as a result of termination, including the economic benefit that might be derived therefrom, belong solely and exclusively to Plaintiff. Defendant has asserted through her seven counterclaims that she is entitled to an undivided one-half interest in all copyrights Plaintiff recaptures over the next several years. In response to Defendant's seven counterclaims based on state law, Plaintiff has filed a motion to dismiss on the grounds that the state law counterclaims are

---

[1] Ms. Claudette Robinson was erroneously sued as Claudette Rogers Robinson.

preempted by federal copyright law.

<u>Defendant</u>:  Defendant seeks to protect the valuable rights and assets she earned through her contributions to the parties' 27-year marriage, which were confirmed to her through a stipulated state court judgment.  If Plaintiff has his way, he will unilaterally take from Defendant these valuable rights through a thoroughly misguided application of the Copyright Act.  Indeed, Plaintiff asks the Court to apply the Copyright Act in an unprecedented and impermissibly overbroad manner to eviscerate important state interests that do no harm to, and do not conflict with, the Copyright Act's provisions, purpose, or intent.

The parties entered into a stipulated divorce judgment in 1989 (the "Stipulated Judgment"), whereby Plaintiff agreed that the parties would own as tenants in common all rights arising from musical compositions created during their marriage (the "Community Musical Compositions"), including all copyrights, contract rights and royalty rights.  Plaintiff was given the sole and exclusive rights to manage and exploit the Community Musical Compositions.  He further agreed to act as Defendant's fiduciary in all respects as to the Community Musical Compositions.

Plaintiff erroneously invokes the Copyright Act in a gambit to nullify the Stipulated Judgment, and keep for himself all rights to the very Community Musical Compositions he granted to Defendant in the Stipulated Judgment.  Specifically, Plaintiff intends to terminate certain copyright assignments in the Community Musical Compositions that he made decades ago to third parties, which termination will result in additional royalties over and above those he and Defendant currently receive and share.  In doing so, Plaintiff must still honor his separate obligation to act as Defendant's fiduciary and honor her interests in the Community Musical Compositions, including paying her the 50% undivided interest she is entitled to on the additional royalties received.

When Defendant sought reassurance from Plaintiff that he would honor his obligations under the Stipulated Judgment, he filed this action for declaratory relief.

To protect her rights, Defendant filed a counterclaim against Plaintiff for (1) declaratory relief, (2) breach of fiduciary duty, (3) constructive fraud, (4) negligent misrepresentation, (4) breach of implied covenant, (5) anticipatory breach, and (6) promissory estoppel.  None of Defendant's counterclaims are preempted by the Copyright Act.

Defendant acknowledges that Plaintiff is free to terminate the grants and assignments, and take them to the market on a level playing field.  By doing so, Plaintiff will obtain the full benefit of what Congress intended to give him.

The right to receive economic benefits of a copyright, including royalties, is not an exclusive right under the Copyright Act.  Consequently, the termination of the copyright grants cannot eviscerate Plaintiff's obligation arising under state law to share the proceeds flowing from the Community Musical Compositions.  Further, Plaintiff voluntarily agreed to share all copyrights with respect to the Community Musical Compositions with Defendant.  That agreement does not conflict with any federal interest under the Copyright Act.

Accordingly, Defendant will be filing an opposition to Plaintiff's motion to dismiss.  She seeks declaratory relief as well as compensatory damages and attorneys' fees on her counterclaims.

### b. Subject matter jurisdiction

The parties agree that this Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331,1338(a), 2201 and the Copyright Act of 1976, 17 U.S.C. sections 101 et seq.

Further, this Court has supplemental jurisdiction over Defendant's counterclaim for declaratory relief and on her state law counterclaims because they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  *See* 28 U.S.C. 1367(a).

### c. **Legal issues**

<u>Plaintiff</u>: Plaintiff has filed a motion to dismiss Defendant's counterclaims pursuant to F.R.C.P. 12(b)(6) on the grounds that each counterclaim is based on state law and is in direct and irreconcilable conflict with the 1976 Act. More specifically, Plaintiff claims that under the 1976 Act, he alone owns title to all copyrights recaptured pursuant to the termination provisions of the 1976 Act, whereas Defendant claims that pursuant to state community property and contract law she owns an undivided one-half interest in all recaptured copyrights.

<u>Defendant</u>: At this time, Defendant identifies the following legal issues:

1. Whether Defendant is entitled to an undivided half-interest in all contract rights with respect to the Community Musical Compositions.

2. Whether Defendant is entitled to an undivided half-interest in all economic benefits flowing from the exploitation at any time of the Community Musical Compositions including any income and royalties.

3. Whether Defendant is entitled to an undivided half-interest in all copyrights concerning the Community Musical Compositions.

4. Whether Plaintiff breached his fiduciary duty to Defendant.

5. Whether Plaintiff failed to disclose or identify copyright termination rights, recapture rights, or rights to sole ownership in the Community Musical Compositions.

6. Whether Plaintiff gained an unfair advantage over Defendant.

7. Whether Plaintiff's full warranty of disclosure of his property interests was made without any reasonable ground for believing it to be true and was made with the intent to induce Defendant to act in reliance on the representation.

8. Whether Plaintiff acted in a manner to deprive Defendant of her benefits under the Stipulated Judgment.

9. Whether by his acts and statements, Plaintiff indicated he would not substantially perform his contractual obligations pursuant to the Stipulated Judgment.

10. Whether Plaintiff made a clear and unambiguous promise to Defendant that she would receive a one-half interest in all copyrights, common rights and/or royalty rights with respect to the Community Musical Compositions, and whether injustice can be avoided only be enforcement of that promise.

### d. **Parties, and Non-Party Witnesses**

<u>Plaintiff</u>: At this time, Plaintiff anticipates that the parties alone will be the witnesses in this action.

<u>Defendant</u>: At this time, Defendant identifies herself, Plaintiff, Berry Gordy, Kerry Gordy, Seanne Murray, Michael Mesnick and the person most qualified pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure of Copyright Termination Services, LLC as potential witnesses.

The parties reserve the right to identify additional witnesses as necessary.

### e. **Damages**

Plaintiff's claim is for declaratory relief. Accordingly, he does not seek compensatory damages.

Defendant seeks declaratory relief. She also seeks compensatory damages in the amount of half of any money Plaintiff will receive in any way related to the Community Musical Compositions at issue, punitive damages, and attorneys' fees and costs.

### f. **Insurance**

Neither party has insurance coverage for the claims or counterclaims at issue.

### g. **Motions**

At this time, the parties do not anticipate filing any motions seeking to add other parties or claims, to file amended pleadings, or to transfer venue.

### h. **Manual for Complex Litigation**

The procedures of the Manual for Complex Litigation are not appropriate for this matter.

### i. Status of Discovery

The parties timely made their initial disclosures. Plaintiff made his Rule 26(a) disclosures on May 30, 2014. Per agreement between the parties, Defendant made hers on June 6, 2014. The parties have not yet served written discovery.

### j. Discovery Plan

Plaintiff anticipates completing written discovery, including requests for admission, interrogatories, and requests for documents, by August 31, 2014. Plaintiff anticipates that the parties can complete the depositions of Plaintiff and Defendant by October 1, 2014. At this time, Plaintiff does not anticipate the depositions of any other lay witnesses, particularly if Plaintiff's motion to dismiss the counterclaims is granted. If it is not, additional depositions may be needed.

Defendant anticipates completing written discovery, including requests for admission, interrogatories, and requests for documents, by January 5, 2015. Defendant anticipates that in addition to taking Plaintiff's deposition, she will take the depositions of the third-party witnesses identified in section d. above by February 2, 2015. Defendant anticipates subjects of discovery will include: the musical compositions created during the parties' marriage (the "Community Musical Compositions"); the assignment of these compositions to third parties; the parties' marriage and divorce; the negotiation and execution of the stipulated divorce judgment ("Stipulated Judgment"); Plaintiff's administration and exploitation of the Community Musical Compositions; Plaintiff's termination of the copyright assignments in the compositions; Plaintiff's agreements involving recaptured copyrights in the Community Musical Compositions; negotiations for deals involving the Community Musical Compositions after termination of the copyright grants; and royalties and income from the Community Musical Compositions.

### k. Discovery cut-off

Plaintiff requests a discovery cut-off date of October 27, 2014. Defendant requests a discovery cut-off of March 16, 2015.

### l. Expert Discovery

Plaintiff requests a deadline of November 10, 2014 for initial Rule 26(a)(2) expert disclosures in support of all claims and counterclaims; a deadline of November 24, 2014, for all rebuttal disclosures; and an expert discovery cut-off of December 8, 2014.

Defendant requests a deadline of February 2, 2015 for initial Rule 26(a)(2) expert disclosures in support of all claims and counterclaims; a deadline of March 2, 2015 for all rebuttal disclosures; and an expert discovery cut-off of March 16, 2015.

### m. Dispositive Motions

Plaintiff filed a Motion to Dismiss Counterclaims (Dkt. No. 20). Plaintiff also expects to file a motion for summary judgment.

Defendant anticipates filing a motion for summary judgment or a motion for summary adjudication. Defendant believes that there are certain discrete issues that can be decided on an earlier partial summary judgment motion, and would like to be able to bring a motion on those issues early, and later move for summary judgment on any remaining claims.

### n. Settlement

The parties have engaged in informal settlement discussions to no avail. Pursuant to Local Rule 16-15.4, the parties select the settlement mechanism of mediation before a private mediator.

### o. Trial Estimate

The parties estimate that a trial by jury, if necessary, should take no more than four (4) days.

### p. Trial Counsel

Trial counsel for Plaintiff will be Neal Cohen (lead) and Patrick Hagan. Defendant's trial counsel will be Zia Modabber (lead), Tami Sims, and Jarin Jackson.

### q. Independent Expert or Master

The parties do not believe that this is a case in which the Court should appoint

a Master pursuant to Rule 3 or an independent scientific expert.

    **r.**    **Timetable**

*See* Schedule of Pretrial and Trial Dates for Civil Cases, attached hereto as Exhibit A.

    **s.**    **Other issues**

At this time, the parties are aware of no further issues relevant to this report.

    **t.**    **Patent cases**

This is not a patent case; there is no need for a *Markman* hearing.

    **u.**    **Do the parties wish to have a Magistrate Judge preside?**

The parties do not wish to have a Magistrate Judge preside.

Dated: June 20, 2014                          FOX ROTHSCHILD LLP

                                            By:  /s/Patrick J. Hagan/
                                                   Neal S. Cohen
                                                   Patrick J. Hagan
                                                   Attorneys for Plaintiff

Dated: June 20, 2014                          **KATTEN MUCHIN ROSENMAN LLP**
                                                   Zia F. Modabber
                                                   Tami Kameda Sims
                                                   Jarin R. Jackson

                                                By:   /s/ Zia F. Modabber
                                                   Zia F. Modabber
                                                   Attorneys for defendant and counterclaimant Claudette Robinson

# Exhibit A – Schedule of Pretrial and Trial Dates for Civil Cases

| Case No.: | **2:14-cv-01701-JAK-FFM** |
|---|---|
| Case Name: | **Robinson v. Robinson** |

| **Hearings:** | | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
|---|---|---|---|---|
| __X__ Jury Trial<br>____ Court Trial<br>(**Tuesday at 9:00 a.m.**)<br>Duration Estimate: __4__ Days / __0__ Weeks | | 2/2/15 | 5/19/15 | |
| Final Pretrial Conference and Exhibit Conference<br>(**Monday at 3:00 p.m.**) (Two weeks before the trial) | | 1/19/15 | 5/04/15 | |
| **Deadlines for Bench Trials Only:** | **Weeks Before Trial** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
| Anticipated Ruling to be Issued by Court | 2 | 1/19/15 | N/A | |
| Last Date to File Objections to Direct Testimony Declarations | 3 | 1/12/15 | N/A | |
| Last Date to File Direct Testimony Declarations | 4 | 1/5/15 | N/A | |
| **Deadlines:** | **Weeks Before Trial** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
| Last Date to Hear Motions (not file) (*including discovery motions*) | 8 | 12/8/14 | 3/16/15 | |
| Expert Discovery Cut-Off | 8 | 12/8/14 | 3/16/15 | |
| Expert Disclosure (Rebuttal) | 10 | 11/24/14 | 3/02/15 | |
| Expert Disclosure (Initial) | 12 | 11/10/14 | 2/16/15 | |
| Non-Expert Discovery Cut-Off | 14 | 10/27/14 | 2/02/15 | |
| Last Date to Add Parties / Amend Pleadings | | 7/28/14 | 9/08/14 | |

1

**EXHIBIT A TO JOINT RULE 16(b) REPORT**

| Settlement Procedure Selection (ADR-12 Form will be completed by Court after scheduling conference) | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | 3 | 3 | |
| Last day to conduct settlement conference/mediation | 1/5/15 | 4/06/15 | |
| Notice of Settlement / Joint Report re Settlement (10 days before PMSC) | 1/10/15 | 4/10/15 | |
| Post Mediation Status Conference: (**Monday at 1:30 p.m.**) (*14 days after the last day to conduct settlement*) | 1/19/15 | 4/20/15 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2
**EXHIBIT A TO JOINT RULE 16(b) REPORT**