Zia F. Modabber (CA 137388)
  zia.modabber@kattenlaw.com
Tami Kameda Sims (CA 245628)
  tami.sims@kattenlaw.com
Jarin R. Jackson (CA 274031)
  jarin.jackson@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:   310.788.4471

Attorneys for Defendant and Counterclaimant
CLAUDETTE ROBINSON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBINSON, JR., an individual | Case No. 14-cv-01701 JAK (FFMx) |
| Plaintiff, | [Hon. John A. Kronstadt] |
| vs. | **SUR-REPLY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS BY DEFENDANT AND COUNTERCLAIMANT CLAUDETTE ROBINSON** |
| CLAUDETTE ROGERS ROBINSON, an individual, | |
| Defendant. | |
| CLAUDETTE ROBINSON, an individual, | |
| Counterclaimant, | |
| vs. | |
| WILLIAM ROBINSON, JR., an individual, | |
| Counterdefendant. | |

## I. INTRODUCTION

At the June 30, 2014 Scheduling Conference, the Court asked Mr. Robinson to brief the issue of whether the district court or the superior court is the proper forum to hear the counterclaims that relate to or arise out of the pendent family law issues in the state court divorce settlement. The Court gave Mr. Robinson five extra pages in his reply brief to do so, and gave Ms. Robinson this five-page Sur-Reply to respond. *See* Declaration of Jarin R. Jackson, ¶ 2, Ex. A, Reporter's Transcript of Proceedings, 10:23-13:6. Ms. Robinson submits this Sur-Reply pursuant to the Court's direction.

## II. MR. ROBINSON DID NOT ADDRESS THE JURISDICTIONAL ISSUES ARISING FROM MS. ROBINSON'S STATE LAW CLAIMS AS INSTRUCTED BY THE COURT

Mr. Robinson did not address the forum-related questions raised by the Court in the extra five pages he was given. Instead, he argued brand new and additional grounds to dismiss Ms. Robinson's second through seventh counterclaims. (Reply Brief, Section II.A). The damages and ripeness arguments he presents for the first time in his reply were never the basis for his motion, and were therefore not addressed in Ms. Robinson's Opposition brief. As this argument was not invited by the Court, and because they were never raised in Mr. Robinson's Motion to Dismiss, his attempt to raise them on reply is unfair and improper.[1] *See Ojo v. Farmers Grp., Inc.*, 565 F.3d 1175, 1186 n.13 (9th Cir. 2009) ("[I]t is generally improper for the moving party to…introduce new facts or different legal arguments in the reply brief [beyond]…[those that were] presented in the moving papers."); *Zamani v. Carnes*,

---

[1] Because the Court requested briefing in the Reply and Sur-Reply only on the limited issue of the forum for the family law related claims, it ordered that Ms. Robinson prepare her Sur-Reply within 4 days of receiving the Reply Brief. In the event that the Court is inclined to consider Mr. Robinson's new reply arguments, Ms. Robinson requests an opportunity to submit supplemental briefing on those issues.

1  491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised
2  for the first time in a reply brief").

### III. THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER THE SECOND THROUGH SEVENTH COUNTERCLAIMS

Federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A state law claim meets the test of forming part of the same case or controversy as the federal claim if it "derive[s] from a common nucleus of operative fact." *Id.* (quoting *Cicio v. Does*, 321 F.3d 83, 97 (2d Cir. 2003)). Compulsory counterclaims asserted by defendant against plaintiff also fall within the court's supplemental jurisdiction. *Id.* No other basis for jurisdiction need be established. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009-10 (9th Cir. 2012).

When original jurisdiction has been conferred by federal-law claims and extended over pendant state-law claims, dismissal of the federal claims does not necessarily end the federal court's jurisdiction over the state-law claims. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 353, 357 (1988). The district court still maintains the discretion to retain the pendent state-law claims. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). In choosing whether to retain jurisdiction, a court should consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie*, 484 U.S. at 350.

Here, a federal question arises under both Mr. Robinson and Ms. Robinson's declaratory relief claims as to whether Mr. Robinson's exercise of his termination rights under the Copyright Acts divests Ms. Robinson of not only her ownership interest in the copyrights, but also her contractual interest in the economic benefits that stem from the exploitation of these copyrights. Given the existence of this federal question, the exercise of supplemental jurisdiction over Ms. Robinson's state law claims is warranted because they involve related and intertwined issues of law and

fact. For instance, the parties' declaratory relief claims and Ms. Robinson's state law counterclaims, all involve an analysis of the following facts: that Mr. Robinson wrote the Community Musical Compositions, that he assigned the copyrights in each of the compositions to a music publisher, that Mr. Robinson entered into a stipulated judgment with Ms. Robinson which granted Ms. Robinson a one-half interest in the copyrights and the economic benefits derived therefrom, and that Mr. Robinson is attempting to disavow all of Ms. Robinson's rights in the Community Musical Compositions upon termination of the copyrights.

Further, there are intertwined legal issues. All but one of Ms. Robinson's state law claims assert that Ms. Robinson was harmed if Mr. Robinson's asserted rights and allegations are true. Thus, if Mr. Robinson is allowed to take actions to divest Ms. Robinson of all of her rights in the Community Musical Compositions by electing to terminate copyright assignments made to third parties, then his conduct has violated his independent state law obligations to Ms. Robinson. Specifically, Mr. Robinson was legally bound as a fiduciary to forever protect Ms. Robinson's rights to the copyrights and all fruits derived therefrom. It would not be efficient for these state-law based counterclaims to be pursued in a parallel fashion in state court given the connection to the federal issues presented to this Court.

As long as a federal question remains in the case, Ms. Robinson respectfully requests that the Court exercise supplemental jurisdiction over her state-law counterclaims. In so doing, the Court furthers judicial economy, convenience, and fairness to the parties. If at some point the federal question ceases to be an issue in the matter, the Court and the parties can certainly revisit the issue of supplemental jurisdiction. At that point, whether the Court should exercise supplemental jurisdiction over Ms. Robinson's state law claims will likely depend on the stage of the proceedings, the best way to conserve judicial resources, and what is more efficient for the parties.

## IV. CONCLUSION.

For the foregoing reasons, Ms. Robinson respectfully requests that the Court (1) disregard Section II.A in Mr. Robinson's Reply Brief; and (2) exercise supplemental jurisdiction over the state law claims at this juncture.

Dated: July 18, 2014

KATTEN MUCHIN ROSENMAN LLP
  Zia F. Modabber
  Tami Kameda Sims
  Jarin R. Jackson

By:   /s/ Zia F. Modabber
     Zia F. Modabber
Attorneys for Defendant and Counterclaimant
CLAUDETTE ROBINSON