| | |
|---|---|
| 1 | Zia F. Modabber (CA 137388) |
| 2 | zia.modabber@kattenlaw.com |
|   | Tami Kameda Sims (CA 245628) |
| 3 | tami.sims@kattenlaw.com |
|   | Jarin R. Jackson (CA 274031) |
| 4 | jarin.jackson@kattenlaw.com |
| 5 | **KATTEN MUCHIN ROSENMAN LLP** |
|   | 2029 Century Park East, Suite 2600 |
| 6 | Los Angeles, CA 90067-3012 |
|   | Telephone:  310.788.4400 |
| 7 | Facsimile:   310.788.4471 |
| 8 | Attorneys for Defendant and Counterclaimant |
| 9 | CLAUDETTE ROBINSON |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| WILLIAM ROBINSON, JR., an individual | ) | Case No. 14-cv-01701 JAK (FFMx) |
| | ) | |
| Plaintiff, | ) | [Hon. John A. Kronstadt] |
| vs. | ) | |
| | ) | **DEFENDANT AND COUNTERCLAIMANT CLAUDETTE ROBINSON'S OBJECTION TO PLAINTIFF'S NOTICE OF WITHDRAWAL OF MOTION TO DISMISS** |
| CLAUDETTE ROGERS ROBINSON, an individual, | ) | |
| | ) | |
| Defendant. | ) | |
| ─────────────────────── | ) | |
| CLAUDETTE ROBINSON, an individual, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| vs. | ) | |
| WILLIAM ROBINSON, JR., an individual, | ) | |
| | ) | |
| Counterdefendant. | ) | |
| ─────────────────────── | ) | |

1  I.    **INTRODUCTION**

2       Plaintiff and counterdefendant Smokey Robinson's Notice of Withdrawal of his Motion to Dismiss Claudette Robinson's Counterclaims (the "Withdrawal") is untimely, improper, and should be rejected.  The Withdrawal was filed long after all of the substantial briefing was completed, and after the Court prepared for and heard oral argument.  As such, it violates C.D. Cal. Local Rule 7-16, which requires that any withdrawal be filed no less than seven days before a court hears the motion.  Here, the Withdrawal was filed more than three months *after* the hearing.

       The Withdrawal was also filed with knowledge that two court days later, at the imminent November 10, 2014 post-mediation status conference, Ms. Robinson would request a ruling on the motion, which the Court agreed to postpone while the parties mediated.  The heart of this lawsuit and the pending motion is whether Mr. Robinson's termination rights under the Copyright Act preempt Ms. Robinson's rights in the proceeds derived from the copyrights, and the copyrights themselves.  A ruling on the motion will decide what should be the dispositive legal issue in this case.

       In light of the inability to settle after mediation and two months of additional effort, Ms. Robinson requests that the Withdrawal be rejected and that the Court rule on the pending motion at its earliest opportunity.  In the event that the Court is inclined to permit the untimely Withdrawal, pursuant to Local Rule 83-7, and in fairness to Ms. Robinson, Ms. Robison respectfully requests that she be awarded the substantial attorneys' fees and costs she was forced to incur when Mr. Robinson filed the motion in the first place, only to improperly withdraw it months later.

II.   **PERTINENT FACTS**

       Mr. Robinson filed his Motion to Dismiss Ms. Robinson's Counterclaims on May 27, 2014  (the "Motion") [Dkt. No. 20].  Ms. Robinson filed her Opposition on June 19, 2014 [Dkt. No. 26], and Mr. Robinson filed his Reply on July 14, 2014 [Dkt. No. 33].  Pursuant to the Court's June 30, 2014 Scheduling Conference Order [Dkt.

1  No. 30], Ms. Robinson filed a Sur-Reply three days later [Dkt. No. 34]. The Court
2  heard oral argument on July 28, 2014 [Dkt. No. 37].

3        In addition to hearing argument on the substance of the Motion itself, the Court
4  ordered the parties to file a Joint Report answering (a) whether they thought having a
5  mediation with Magistrate Judge Margaret Nagel would be productive before the
6  Court ruled on the Motion, and (b) whether Ms. Robinson might withdraw certain of
7  her counterclaims. (Motion Hearing Transcript, Ex. A, 36:6-37:21, 40:1-21.) The
8  Court noted that while it would not have any difficulty deciding the motion, it wanted
9  to ensure an "efficient means of case management." (*Id*. at 40:16-21.)

10        On August 4, 2014, the parties filed their Joint Report. Ms. Robinson answered
11  the Court's questions about her counterclaims, and the parties answered that they
12  wished to proceed with mediation before the Court ruled on the Motion [Dkt. No. 39].

13        The mediation took place on September 10, 2014 [Dkt. No. 47], but there was
14  no settlement. *Id*. Extended discussions followed, both with Magistrate Judge
15  Nagle's assistance, and directly between the parties' counsel. Unable to reach an
16  agreement (despite much effort and patience on both sides), by October 20, 2014, Ms.
17  Robinson indicated that if the parties were unable to get past the current impasse by
18  the November 10, 2014 status conference, Ms. Robinson would ask the Court to rule
19  on the Motion.

20        No settlement progress has been made for a substantial time, and Ms. Robinson
21  has determined that the parties are simply at impasse. The Withdrawal was filed
22  November 6, 2014, two court days before Ms. Robinson's request for a ruling could
23  be made.

24  **III.**  **MR. ROBINSON'S UNTIMELY NOTICE OF WITHDRAWAL**
25  **VIOLATES LOCAL RULE 7-16.**

26        Pursuant to Local Rule 7-16, "[a]ny moving party who intends to withdraw the
27  motion before the hearing date shall file and serve a withdrawal of the motion, not
28  later than seven (7) days preceding the hearing." The Motion was heard on July 28,

2

OBJECTION TO PLAINTIFF'S NOTICE OF WITHDRAWAL OF MOTION TO DISMISS
14-cv-01701 JAK (FFMx)

2014; thus, Mr. Robinson was required to request a withdrawal of his Motion no later than July 21, 2014 – more than three months ago.  The district court has discretion to strike an untimely withdrawal.  For instance, in *McCormick v. Travelers Ins. Co.*, 1998 WL 226900 (N.D. Cal. Apr. 29, 1998), the Northern District struck plaintiffs' untimely withdrawal of their motion under the court's Local Rule 7-7(e) and ruled on plaintiffs' motion.  While *McCormick* arose in a different district, Northern District's Local Rule 7-7(e)[1] is almost identical to the Central District's Local Rule 7-16, and the district court's reasoning applies equally here.  As in *McCormick*, the Withdrawal is untimely and should be rejected.

Ms. Robinson has reached the point where she would like the Court to decide the issues raised by Mr. Robinson's motion: principally, what rights she has in the income stream and copyrights at issue following Mr. Robinson's exercise of his statutory termination rights.

## IV. IF THE COURT PERMITS THE UNTIMELY WITHDRAWAL OF THE MOTION, MR. ROBINSON MUST BE SANCTIONED IN THE AMOUNT OF THE ATTORNEYS FEES AND COSTS NECESSARILY INCURRED BY MR. ROBINSON.

Local Rule 83-7 states:

> The violation of or failure to conform to any of [the] Local Rules may subject the offending party or counsel to:
> (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;
> (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of

---

[1] Northern District of California Local Rule 7-7(e) states: "Within the time for filing and serving a reply, the moving party may file and serve a notice of withdrawal of the motion.  Upon the filing of a timely withdrawal, the motion will be taken off-calendar.  Otherwise, the Court may proceed to decide the motion."

                bad faith and/or a willful disobedience of a court order; and/or

                (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

As stated above, the Withdrawal was filed in violation of C.D. Cal. Local Rule 7-16. Given the nature of this dispute, the complex legal issues involved, and the implication of a decision on a potential issue of first impression in the Ninth Circuit, Ms. Robinson incurred substantial attorneys' fees and costs in opposing Mr. Robinson's Motion. (The Court too no doubt spent considerable time and effort working up the Motion in preparation for the hearing.) Undoubtedly, Mr. Robinson and his counsel understood that Ms. Robinson would be required to bear this burden, both when he filed his Motion, and when he filed his Withdrawal. If the Court accepts the Withdrawal, Mr. Robinson must be required to reimburse Ms. Robinson for the fees and costs he knowingly forced her to incur when he filed the Motion – only to withdraw it months later on the eve of a request that the Court issue a ruling. If requested or required by the Court, Ms. Robinson will provide further briefing on this issue, and, of course, evidence of the basis for and amount of the fees incurred.

Dated: November 7, 2014         KATTEN MUCHIN ROSENMAN LLP
                                        Zia F. Modabber
                                        Tami Kameda Sims
                                        Jarin R. Jackson

                                        By:   /s/ Zia F. Modabber
                                              Zia F. Modabber
                                        Attorneys for Defendant and Counterclaimant
                                        CLAUDETTE ROBINSON